UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **SUSAN TUTTLE** <br> c/o Barron Peck Bennie & Schlemmer <br> 3074 Madison Road <br> Cincinnati, Ohio 45209 | : <br><br> : <br><br> : | Case No.: 1:21-cv-00300 <br><br> Judge: <br><br> Magistrate: |
| **Plaintiff,** | : | |
| vs. | : | |
| **MILFORD EXEMPTED VILLAGE SCHOOL DISTRICT BOARD OF EDUCATION** <br> 1099 State Route 131 <br> Milford, Ohio 45150 | : <br><br> : <br><br> : | **COMPLAINT WITH REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| And | : | **JURY DEMANDED** |
| **BRIAN S. RABE, In his Official Capacity** <br> 1099 State Route 131 <br> Milford, Ohio 45150 | : <br><br> : <br><br> : | |
| **Defendants.** | : | |

1.  Plaintiff Susan Tuttle served Defendant Milford Exempted Village School District Board of Education ("Milford Schools") in its transportation department for nearly 27 years. During Plaintiff's employment, Milford Schools conferred upon Plaintiff a vested right that upon her retirement, so long as she met certain conditions, she could exchange her sick leave for a lump sum payment of fifty percent of the value of the leave. Upon retirement, Milford Schools moved the goalposts and despite written assurances otherwise, cashed out Ms. Tuttle's sick days at the rate of four days of leave for one day of pay.

## JURISDICTION AND VENUE

2. Federal jurisdiction is invoked in this instance to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the 42 U.S.C. § 1983.

3. The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

4. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

5. Venue of this Court is invoked pursuant to 28 U.S.C. § 1391(b)(1) and (2).  Venue is appropriate because Defendant resides in this judicial district and because a substantial part of the acts or omissions giving rise to this action occurred in this judicial district.

## PARTIES

6. Plaintiff Susan Tuttle is an adult female citizen of Ohio and resident of Clermont County.

7. Defendant Brian S. Rabe is the Treasurer of Milford Exempted Village School District Board of Education and is sued in his Official Capacity.

8. Defendant Milford Schools is a quasi-municipal corporation created pursuant to the laws of the State of Ohio.

## FACTS

9. Plaintiff was hired by Milford Schools in August 1992.

10. Plaintiff was employed without interruption until she retired in 2019.

11. Throughout her employment, Plaintiff worked in the Milford Schools transportation department.

12. In or about 2009, Defendant Milford Schools outsourced its transportation duties to Petermann Ltd. A true and correct copy of the 2009 outsourcing agreement is attached hereto as Exhibit A.

13. Pursuant to Section 7(h) of the 2009 outsourcing agreement, Petermann Ltd. agreed to "honor the accumulated sick leave of the existing Board employed drivers and bus aides as of August 1, 2019," which included Plaintiff.

14. Further, Section 7(h) of the 2009 outsourcing agreement stated that employees like Plaintiff would use time accrued with Petermann Ltd. prior to using accrued but unused sick time with Defendant.

15. At the time Plaintiff became an employee of Petermann Ltd., the sick time she had accrued but not used with the Board became and remained a vested right.

16. Prior to Defendant Milford Schools outsourcing its transportation duties to Petermann Ltd., Plaintiff was a member of the Milford Classified Employees Association Union.

17. Beginning with the Collective Bargaining Agreement between the Milford Classified Employees Association Union and Defendant effective June 30, 1999, certain classified employees, like Plaintiff, were eligible for a "Superseverance" benefit under certain circumstances at the time of their retirement. A copy of the aforementioned Collective Bargaining Agreement is attached hereto as Exhibit B.

18. Pursuant to the "Superseverance" provision, an employee would be entitled to a lump sum payment worth fifty percent of their sick days assuming one of three conditions were met.

19. The final Collective Bargaining Agreement (effective July 1, 2006 through June 30, 2009) governing Plaintiff's employment prior to her becoming a Petermann Ltd. employee set

3

three possible conditions for receipt of Supersevrance: A.) Five (5) years of service at sixty (60) years of age; B.) Twenty-Five (25) years of service at fifty-five (55) years of age; C.) Thirty (30) years of service at any age. A copy of the July 1, 2006 through June 30, 2009 Collective Bargaining Agreement is attached hereto as Exhibit C.

20. At the time Plaintiff retired, she met condition B (twenty-five years of service at fifty-five years of age) to be eligible to receive the Superseverance benefit.

21. In 2018, Plaintiff was preparing to retire from Milford Schools. As part of her retirement planning, she inquired with Milford Schools about her sick leave conversion rate upon retirement; specifically, to confirm her eligibility for the Superseverance benefits.

22. On August 29, 2018, Defendant Milford Schools' employee Heidi Baechle emailed Plaintiff and informed her "It looks like you can retire June 2019 and get half of your 129.5 days…if you work all year and notify us before April 1. You would qualify with the 65 years old and 5 years' experience since you had at least 25 years by August 1, 2017. If you wait until 2020, then you would get a fourth of your 129.5 days." Ms. Baechle consequently confirmed Plaintiff was eligible for Superseverance.

23. On or about February 15, 2019, Plaintiff also confirmed with Defendant Milford Schools that if she retired in 2019, her sick leave would be treated as Superseverance.

24. By all accounts, Plaintiff was eligible to receive the Superseverance benefit and Defendant Milford Schools confirmed as much.

25. Plaintiff notified Defendant Milford Schools of her retirement before April 1, 2019 and retired after April 1, 2019.

26. At the time Plaintiff retired, she had 129.5 sick leave hours in her sick leave bank eligible for Superseverance.

4

27. On or about July 31, 2019, Plaintiff received payment for her sick leave hours at the rate of 4 hours of sick leave for one hour of pay; a rate of half of what she should have been paid.

28. Shortly thereafter, Ms. Tuttle protested the payment to Defendant Milford Schools indicating that she had been paid less than what she was entitled.

29. On or about August 8, 2019, Defendant Rabe denied Plaintiff's request to be paid the fifty-percent of her sick leave time as Superseverance. In doing so, he wrote to Plaintiff and stated, in part: "there is nothing that the District can or will do."

30. Defendant has empowered its Treasurer to handle its financial matters, and the Treasurer is responsible for the Defendant's financial affairs under Ohio law.

31. As a direct and proximate cause of Defendants' acts and/or omissions, Plaintiff has suffered harm.

## COUNT I
### Denial of Procedural Due Process Under the 14th Amendment Against Both Defendants

32. Plaintiff restates all previous paragraphs as if fully rewritten herein.

33. Plaintiff had a vested property interest concerning her contractual rights under her Collective Bargaining Agreement with Defendant Milford Schools.

34. Indeed, at the time of her separation from Defendant Milford Schools, Plaintiff was entitled to her Superseverance under the terms of the Collective Bargaining Agreement, which included a 50% buyout of all her accrued sick time.

35. Defendant Rabe was responsible for Defendant Milford Schools' financial matters, and he is the decisionmaker regarding what payment is owed to employees under the terms of their contracts.

36. Defendants stripped Plaintiff Tuttle of half her vested interest in her unpaid sick time under the terms of her Collective Bargaining Agreement.

37. After stripping Plaintiff of her vested interest in her contractual buyout, Defendants informed Plaintiff Tuttle that "there is nothing that the District can or will do."

38. Consequently, Defendants failed and refused to provide Plaintiff Tuttle any due process to challenge her deprivations of vested property interests either before or after this deprivation.

39. Defendants have further stripped all similarly situated members of Plaintiff's bargaining unit of the same vested interest(s) in their sick leave.

40. Therefore, Defendants violated Plaintiff's rights to procedural due process under the 14th Amendment, and Defendants financially damaged Plaintiff Tuttle and all similarly-situated class members.

## COUNT II
### Breach of Contract – against Defendant Milford Schools

41. Plaintiff Tuttle restates all previous paragraphs as if fully rewritten herein.

42. Defendant Milford Schools entered into a collective bargaining agreement with Plaintiff Tuttle and all similarly situated bargaining unit members.

43. Defendant Milford Schools contractually agreed to pay Tuttle and other qualifying bargaining unit members 50% of all accrued sick time.

44. Even though these terms were never altered or modified, Defendant Milford Schools has breached this agreement and repudiated its obligations to Plaintiff Tuttle and all other qualifying bargaining unit members.

45. Defendant Milford Schools' breach of its contractual duties damaged Tuttle and all putative class members.

WHEREFORE Plaintiff respectfully requests that this Court find for her and award her the following:

    a.    Compensatory damages;

    b.    Interest;

    c.    Injunctive Relief;

    d.    Declaratory Relief;

    e.    Attorney fees;

    f.    Costs and expenses; and

    g.    All other relief this Court deems proper.

## JURY DEMAND

Plaintiff demands a jury on all issue so triable.

/s/Matthew Miller Novak  
Matthew Miller Novak (OH-0091402)

Respectfully submitted,

*/s/Matthew Miller Novak*
Matthew Miller Novak (OH-0091402)
**Barron Peck Bennie & Schlemmer**
3074 Madison Road
Cincinnati, Ohio 45209
Tel: (513) 721-1350
mmn@bpbslaw.com

Robb S. Stokar (OH-0091330)
**MINNILLO LAW GROUP CO., LPA**
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
rss@mlg-lpa.com

***Attorneys for Plaintiff***